CV-11 2361

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 16 2011 ★

LONG ISLAND OFFICE

MORLEEN NOVITT on behalf of herself and all others similarly situated,

Plaintiff,

-against-

(S.F.)

NCO FINANCIAL SYSTEMS, INC.

Defendant.

**CLASS ACTION COMPLAINT**

SEYBERT, J.

Plaintiff, by and through her attorney, Adam J. Fishbein, as and for her complaint alleges as follows:

## INTRODUCTION

0.1 This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2 Plaintiff, Morleen Novitt, is a natural person residing in Nassau County, New York.

0.3 Upon information and belief, defendant NCO Financial Services, Inc. is a corporation with its principal place of business in Horsham, Pennsylvania.

0.4 Upon information and belief, defendant is a collection agency which is engaged in the business of collecting debts as defined pursuant to 15 U.S.C. § 1692a(6).

## JURISDICTION

0.5 This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1 Plaintiff realleges paragraphs 0.1 through 0.5 as if fully restated herein.

1.2 That a personal debt was allegedly incurred by the plaintiff purportedly to NYU Hospitals Center/Tisch Hospital.

1.3 That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4 Defendant sent an initial letter to the plaintiff dated May 16, 2010.

1.5 Plaintiff received said letter.

1.6 Said letter states in part: "If you have Medicare, Medicaid, or other insurance which will pay all or part of the bill, contact us at the number above. With your permission, we will attempt to obtain payment from your insurance carrier. However, you may be responsible for deductibles, copayments or the balance. If you have no insurance coverage or your insurance has already paid its portion of the bill, mail the balance in full."

1.7 Said letter directs plaintiff to send insurance information to defendant.

1.8 Said directive to provide insurance information would confuse the plaintiff and dissuade him from exercising his rights to dispute the debt and seek verification thereof.

1.9 Defendant left a telephonic message for plaintiff on or about June 1, 2010.

1.10 Said message does not properly state the phone number plaintiff must call.

1.11 Said consumers are confused as to what number to call to contact defendant.

1.12 It is and unfair practice to leave messages for consumers and direct them to call back concerning a debt and not provide a clear telephone number.

1.13 Said letter and telephone message violate 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692g.

1.14 This cause of action is brought on behalf of plaintiff and the members of two classes.

1.15 Class A consists of consumers who received the same form letter, as did the plaintiff.

1.16 Class A consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 16, 2010 (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to NYU Hospitals Center/Tisch Hospital and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692g and 1692e(10).

1.17 Class B consists of all persons whom Defendant's records reflect resided in the United States and who were left a telephonic message which did not set forth the telephone number of the defendant properly concerning a consumer debt purportedly owed to NYU Hospitals Center/Tisch Hospital in violation of 15 U.S.C. §§ 1692e and 1692f.

1.18 Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.19 A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.20 If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.21 Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.22 Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692e(10) by engaging in deceptive representations.

(b) Defendant violated 15 U.S.C. § 1692g by contradicting and confusing the plaintiff's right and obligation to dispute the debt.

(c) Defendant violated 15 U.S.C. § 1692e by engaging in deceptive practices.

(d) Defendant violated 15 U.S.C. § 1692f by engaging in unfair practices.

1.23 As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
May 13, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

P.O. BOX 15618, DEPT 51
WILMINGTON, DE 19850

67140017/3

NCO FINANCIAL SYSTEMS, INC.
Two Huntington Quadrangle, Suite 3NO2
Melville, NY 11747

May 16, 2010
OFFICE HOURS
MON & WED: 8:00AM-7:30PM
TUE,THU & FRI: 8AM-5:00PM, SAT 8AM-NOON

1163-1702

PHONE: 1-800-334-0626



MORLEEN NOVITT
2495 ABBEY LN
SEAFORD NY 11783-3510

NYU HOSPITALS CENTER/TISCH HOSPITAL
RE: MORLEEN NOVITT
CREDITOR REF #: 94335330908064304
BALANCE: $ 763.84

Dear MORLEEN NOVITT,

Your account has been placed with this collection agency for collection by the creditor named above.

If you have Medicare, Medicaid, or other insurance which will pay all or part of the bill, contact us at the number above. With your permission, we will attempt to obtain payment from your insurance carrier. However, you may be responsible for deductibles, copayments or the balance. If you have no insurance coverage or your insurance has already paid its portion of the bill, *mail the balance in full.*

Returned checks may be subject to the maximum fees allowed by your state.

You may also make payment by visiting us on-line at www.ncofinancial.com. Your unique registration code is f32.29279343.67140017.1028. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from this company may be monitored or recorded for quality assurance.

**Notice: See Reverse Side For Important Information. See Reverse Side for Federal Validation Notice.**

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Creditor Reference #: 94335330908064304, MORLEEN NOVITT
NCO Financial Systems, Inc.
Two Huntington Quadrangle, Suite 3NO2
Melville, NY 11747
PHONE: 1-800-334-0626

| Our Account # | Total Balance |
|---|---|
| 67140017 | $ 763.84 |

Payment Amount

$



Credit Card Number
(VISA and MasterCard only)

Make Payment To:
NCO FINANCIAL SYSTEMS, INC. - KGPOR'
P.O. BOX 15273
WILMINGTON, DE 19850

NCO 3P
1702

02516714001750000000050000000000007638443